B. SHACKMAN & CO., INC. v. UNITED STATES

No. 6224.—Invoices dated Sonneberg, Germany, April 1, 1939.
Entered at New York, N. Y., April 20, 1939.
Entry No. 832084.

(Decided October 15, 1945)

Sharretts & Hillis (Edward P. Sharretts of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

COLE, Judge: This appeal for reappraisement has been submitted by the parties on the following written stipulation, filed October 4, 1945:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the court, that the glass Christmas tree ornaments marked A and initialed DL by Examiner D. Lefkovitz on the invoices covered by the instant appeal to reappraisement, exported from Germany during the month of April 1939, and the market conditions with respect thereto, are the same in all material respects as the glass Christmas tree ornaments, and the market conditions with respect thereto, in the case of *F. W. Woolworth Co. et al.* v. *United States*, Reap. Dec. 5094.

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the instant appeal marked A on the invoices and initialed DL by Examiner D. Lefkovitz, articles such or similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the *per se* unit invoice prices which include 3½ per centum for social assessments, insurance, vacation, and holiday costs, plus cases, as invoiced, and that there was no higher foreign value.

It is further stipulated and agreed that the record in said Reap. Dec. 5094 may be and hereby is incorporated as a part of the record in the instant appeal to reappraisement.

It is further stipulated and agreed that the facts and circumstances relating to the item of 10 per centum added by the appraiser in the instant case marked on the invoices B and initialed W. R. S. by Examiner W. R. Shapiro, are in all material respects the same as the facts and circumstances relating to the item of 10 per centum specified on the invoices relating to glass ornaments, novelties, and figures covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.*, 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise, is not a proper part of dutiable value."

It is further stipulated and agreed that on the date of exportation of the merchandise involved in the instant appeal, marked B on the invoices and initialed W. R. S. by Examiner W. R. Shapiro articles such and similar thereto were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, which include 3½ per centum for social assessments, for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

It is further stipulated and agreed that the record in *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, may be and hereby is incorporated as a part of the record in the instant appeal to reappraisement.

The instant appeal is abandoned as to all merchandise other than the aforementioned items marked A or B and the said reappraisement is hereby submitted for decision on this stipulation.

In the *Woolworth* case, *supra*, the question presented was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable values of the merchandise; or, whether higher prices charged by commissionaires or dealers were the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value as defined in section 402 (c) and (d) of the Tariff

Act of 1930 (19 U. S. C. 1940 ed. §1402 (c) and (d)), and accordingly held such values to be the proper ones for tariff purposes.

The *Kresge Co. et al.* case, *supra*, found that sales to which the 10 per centum commission applied, "were fugitive and not in the ordinary course of trade in the principal market of Germany," and the item was therefore held not to be a consideration in determining dutiable value.

On the established facts, I hold export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (d)) to be the proper basis for appraisement of the merchandise hereinabove referred to, and that such statutory value for the glass Christmas tree ornaments represented by the invoice items marked "A" and initialed "DL" is the *per se* unit invoice price, plus cases as invoiced, and for the merchandise marked "B" on the invoices and initialed "WRS" said export value is the *per se* unit invoice price, plus packing as invoiced.

The appeal, having been abandoned as to all other merchandise, is hereby dismissed so far as it relates thereto.

Judgment will be rendered accordingly.